■ NIAGARA NATIONAL, INC., Respondent, v COPECE CONTRACTING CORP. et al., Appellants.—Order unanimously reversed on the law and facts with costs and motion denied. Memorandum: This is an appeal from an order granting a motion by plaintiff, judgment creditor in an underlying action, to punish a nonparty garnishee, auctioneer John R. Tuck, for allegedly disobeying a restraining notice and property execution directing him not to dispose of the proceeds of property belonging to the judgment debtor. Following a hearing, the court found Tuck in contempt and fined him $32,890.67, the amount of the judgment held by plaintiff. We reverse.

Judgment for plaintiff against the corporate defendant, Copece Contracting Corp., was entered on June 14, 1988. That same day, plaintiff served Tuck with a property execution and restraining notice. At the time, Tuck planned to auction construction equipment and vehicles variously owned by the corporate defendant and by Copece Construction Company, an unincorporated entity owned by Carmela Copece. The auction took place as scheduled on June 15, 1988; the sale of the equipment belonging to the corporate defendant and to Carmela Copece generated proceeds of approximately $41,000. Tuck deposited the proceeds in separate bank accounts. In the first account, opened in the name of "Copece Contracting Corp.—John R. Tuck as Trustee", Tuck deposited $11,235.75. Tuck turned over the passbook for that account to the Sheriff pursuant to the restraining notice and property execution. This appeal concerns the balance of the proceeds, $30,437.15, which Tuck deposited in a second account in the name of "Carmela Copece, John R. Tuck as Trustee". Those proceeds eventually were turned over to the attorney for Carmela Copece, who executed a release in favor of Tuck.

Plaintiff subsequently brought a motion to have Tuck held in contempt pursuant to Judiciary Law §§ 753 and 770 for failing to obey the property execution and restraining notice. At a hearing on the contempt application, Tuck presented testimony and documentary evidence in the form of invoices and checks supporting his contention that the property in question belonged to Mrs. Copece and that he was aware of such ownership at the time he turned over the proceeds to her

attorney. It was established that the equipment in question had been purchased by either Mrs. Copece or the unincorporated entity, Copece Construction Company, in most cases by checks drawn on Mrs. Copece's personal account. Moreover, it was shown that certain of the items had been purchased by Mrs. Copece through or from Tuck himself. Notwithstanding the uncontroverted proof on the issue of ownership, the court found Tuck in contempt and ordered him to pay the fine within 60 days or be incarcerated.

We conclude that the court erred in finding that Tuck violated the restraining notice and property execution. Because the restraining notice and property execution merely ordered Tuck to refrain from disposing of the proceeds of the sale of corporate assets, essential to the court's determination that Tuck was in contempt for failing to obey the court's orders was its implicit finding that the judgment debtor owned the property in question. We find no support in the record for such finding. The proof is uncontroverted that Mrs. Copece was the owner of the property. The record makes clear that Tuck turned over to the Sheriff those proceeds traceable to the sale of the judgment debtor's property, and properly turned over to Mrs. Copece those proceeds traceable to the sale of her property. Therefore, the court erred in finding that Tuck violated any restriction on disposition of the proceeds of sale of the judgment debtor's property. (Appeal from order of Supreme Court, Erie County, Doyle, J.—contempt of court.) Present—Dillon, P. J., Callahan, Denman, Green and Davis, JJ.